1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    RANDOLPH M. DIAZ,                    )      No. C 09-00078 JW (PR)
                                           )
12                    Plaintiff,           )      ORDER OF DISMISSAL; GRANTING
                                           )      MOTION FOR LEAVE TO PROCEED
13        vs.                              )      *IN FORMA PAUPERIS*
                                           )
14    M. MARTEL, et al.,                   )
                                           )
15                    Defendants.          )
                                           )
16    _____ )      (Docket No. 2)

17

18            Plaintiff, a prisoner at Mule Creek State Prison in Ione, California, has filed a

19    pro se civil rights action under 42 U.S.C. § 1983 alleging claims against prison

20    officials.  Plaintiff' has filed a motion for leave to proceed in forma pauperis

21    (Docket No. 2).

22

23                                       **DISCUSSION**

24    A.      Exhaustion

25            The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. §

26    1997e to provide that "[n]o action shall be brought with respect to prison conditions

27    under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any

28    jail, prison, or other correctional facility until such administrative remedies as are

**United States District Court**
For the Northern District of California

available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is mandatory and no longer left to the discretion of the district court.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006) (citing <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001)).  "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."  <u>Id.</u> Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies.  <u>Id.</u> at 85-86 (citing <u>Booth</u>, 532 U.S. at 734).  The mandatory exhaustion of available administrative remedies is not limited to suits under § 1983, but to any suit challenging prison conditions.  <u>Id.</u> at 85 (citing <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002)).

The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.  <u>Id.</u> at 93.  This requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  <u>Ngo</u>, 548 U.S. at 84.  "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion."  <u>Id.</u> at 92. Therefore, the PLRA exhaustion requirement requires proper exhaustion.  <u>Id.</u> "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  <u>Id.</u> at 90-91 (footnote omitted).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers.  <u>See id.</u> § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written

United States District Court
For the Northern District of California

1   appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution

2   head or designee, and (4) third level appeal to the Director of the California

3   Department of Corrections and Rehabilitation.  Id. § 3084.5; Barry v. Ratelle, 985 F.

4   Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the administrative remedies

5   exhaustion requirement under § 1997e(a).  Id. at 1237-38.

6          Because exhaustion under § 1997e(a) is an affirmative defense, a complaint

7   may be dismissed for failure to exhaust only if failure to exhaust is obvious from the

8   face of the complaint and/or any attached exhibits.  See Wyatt v. Terhune, 315 F.3d

9   1108, 1119-20 (9th Cir. 2003).  A concession to nonexhaustion is a valid ground for

10  dismissal, provided no exception to exhaustion applies.  Id. at 1120.

11         Here, it is obvious from the face of the complaint and attachments that

12  plaintiff has not exhausted his administrative remedies.  (Compl. 2.)  Plaintiff

13  indicates that his inmate appeal was denied at the first formal level, and that it was

14  not the highest level of appeal available to him.  (Id.)  Section 1997e(a) requires that

15  plaintiff present his claims to each level of administrative review set forth above

16  before raising those claims in a § 1983 complaint in federal court.  As it is clear from

17  the complaint that plaintiff has not pursued all levels of administrative grievances

18  available to him, and there is no applicable exception to the exhaustion requirement,

19  dismissal without prejudice is appropriate.

20  B.     Motion for Leave to Proceed In Forma Pauperis

21         Plaintiff's motion to proceed in forma pauperis (Docket No. 2) is

22  GRANTED.  The total filing fee that will ultimately be due is $350.00.  In view of

23  plaintiff's lack of income and zero account balance over the last six months, no

24  initial partial filing fee is due.  Funds for the filing fee will be taken from income to

25  plaintiff's account in accordance with 28 U.S.C. § 1915(B)(1).  A copy of this order

26  and the attached instructions will be sent to plaintiff, the prison trust account office,

27  and the Court's financial office.

28  ///

1

## CONCLUSION

2          For the foregoing reasons, this action is hereby DISMISSED without

3   prejudice to plaintiff's refiling his claims after all available administrative remedies

4   have been exhausted.

5          This order terminates Docket No. 2.

6

7   DATED: _____May 19, 2009_____

8                                                          JAMES WARE
                                                           United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal; Granting Leave to Proceed IFP
P:\PRO-SE\SJ.JW\CR.09\Diaz00078_dismiss-exh.wpd          4

**United States District Court**
For the Northern District of California

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order.** Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff
       Finance Office

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


RANDOLPH M. DIAZ,

            Plaintiff,

   v.

M. MARTEL, et al.,

            Defendants.
_____/

Case Number: CV09-00078 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____5/28/2009_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Randolph M. Diaz T-21566
Mule Creek State Prison
P. O. Box 409040
Ione, Ca 95640


Dated: _____5/28/2009_____

                        Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk